# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2488

_____

United States of America,             *
                                      *
            Plaintiff-Appellee,       *
                                      *    Appeal from the United States
      v.                              *    District Court for the
                                      *    District of Minnesota.
Prentiss Lee Spivey,                  *
                                      *        [UNPUBLISHED]
            Defendant-Appellant.      *

_____

Submitted:  October 9, 2002

Filed:   November 18, 2002

_____

Before MCMILLIAN, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

I.

On August 8, 2001, the Minneapolis police dispatcher reported a robbery had occurred at a Wells Fargo Bank in Minneapolis, Minnesota. The dispatcher described the suspect as a black male driving a blue Toyota Corolla with license plate ATS936. A later broadcast described a purple bag and demand letter used by the robber.

Officer Christopher Nichols saw a vehicle with license plates matching the suspected vehicle. The vehicle was driven by the defendant. The defendant parked

the car with one tire resting on the curb. Officer Nichols approached the vehicle and instructed the driver to get out of the car. As the defendant got out of the car, a purple bag with money fell from the door. Officer Nichols handcuffed the defendant and noticed a revolver on the console between the seats. A search of the defendant revealed a "demand letter." The defendant told the officer: "Yea, you got me. I did it."

The defendant was charged with robbing the bank. He filed a motion to suppress all incriminating evidence. The district court[1] denied the motion. The defendant now appeals.

## II.

The defendant contends Officer Nichols violated his Fourth Amendment right to be free from unreasonable searches and seizures. We do not agree. An officer may stop and detain an individual if the officer has a reasonable articulable suspicion that the individual is engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 21-22 (1968). Here, Officer Nichols had a reasonable suspicion when he stopped the defendant. Officer Nichols observed the defendant driving a vehicle with the same license plates as the suspected vehicle. The defendant also matched the general description of the bank robber. This gave Officer Nichols a reasonable suspicion to detain the defendant.

The defendant further contends that his arrest violated the Fourth Amendment because Officer Nichols did not have probable cause. We reject this argument. Officer Nichols had probable cause because a purple bag of money fell from the door as the defendant got out of the car. The purple bag matched the description of the bag

---

[1]The Honorable James M. Rosenbaum, Chief United States District Judge for the District of Minnesota.

used in the crime. After making the arrest, Officer Nichols had the authority to search the defendant and his car because the search was incident to a lawful arrest. See New York v. Belton, 453 U.S. 454, 460 (1981) (holding officer may search a vehicle incident to a lawful arrest). Thus, the gun and demand letter were properly admitted into evidence.

The defendant's statements after his arrest were also admissible. Spontaneous statements volunteered by an individual in custody are admissible. Rhode Island v. Innis, 446 U.S. 291, 298 (1980). In the present case, the defendant's statements were not the product of police interrogation. The defendant made the statements spontaneously and voluntarily. The district court correctly admitted the statements into evidence.

The judgment of the district court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.